UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHONIA M. MARTIN,<br>    Plaintiff,<br>v.<br>WELLS FARGO BANK,<br>    Defendant. | Case No. 12-cv-00244-MEJ<br><br>**ORDER RE: REQUEST FOR EXPERT SERVICES; ORDER FOR CLERK OF COURT TO RETURN FUTURE FILINGS**<br><br>Re: Dkt. Nos. 50 |

This case was dismissed on February 11, 2013, pursuant to a settlement agreement between the parties. Dkt. No. 44. As part of the dismissal, the Court provided that "if any party hereto shall certify to this Court, within thirty days, with proof of service thereof, that the agreed consideration for said settlement has not been delivered over, the foregoing order shall stand vacated and this cause shall forthwith be restored to the calendar to be set for trial." *Id.* No party filed any such notice. However, on May 11, 2015, more than two years after the Court dismissed this case, Plaintiff Yohonia Martin filed three documents entitled "Request and Authorization for Expert Services." Dkt. No. 50. Plaintiff appears to seek reimbursement for costs she incurred in this lawsuit, including "conducting and obtaining researched documents and applicable information," noting that she "paid all expenses out of pocket." *Id.* However, with the exception of the thirty-day notice period noted above, the Court did not retain jurisdiction over disputes that arose after the parties agreed to settle this case. Accordingly, Plaintiff's request must be denied.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

1 Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* Thus, where a settlement agreement results in dismissal of an action and the Court has not retained jurisdiction as part of the dismissal, any subsequent issues that arise are considered "a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit." *Id.* at 381 ("The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.").

Here, the Court did not expressly retain jurisdiction over the settlement agreement when it dismissed Plaintiff's previous case nearly one year ago, nor did it incorporate any terms of the settlement into the Order. Accordingly, the Court is without jurisdiction to enforce the settlement agreement and any claims related to it. Any such claims must be brought in state court as a breach of contract claim. *Kokkonen*, 511 U.S. at 382 (Absent a request for the court to retain jurisdiction over the settlement contract, "enforcement of the settlement agreement is for state courts."); *see generally Hagestad v. Tragesser*, 49 F.3d 1430 (9th Cir. 1995) (holding that the district court lacked jurisdiction to enforce settlement in a case in which the judge issued a conditional dismissal but did not expressly retain jurisdiction and did not incorporate the terms of the settlement into the dismissal, even though the judge orally indicated that he intended to oversee the settlement).

Accordingly, Plaintiff's request for reimbursement is DENIED. Plaintiff is advised that the Court shall not accept any further filings in this matter. The Clerk of Court is directed not to file any documents received from Plaintiff Yohonia Martin and to instead return them to her.

**IT IS SO ORDERED.**

Dated: May 14, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHONIA M. MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK,<br><br>　　　　Defendant. | Case No.　12-cv-00244-MEJ<br><br>**CERTIFICATE OF SERVICE** |

　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　That on May 14, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Yohonia M. Martin
Womens Correctional Center
1590 Maple Street
#1163324
Redwood City, CA 94063

Yohonia Martin
2686 Spring St
Redwood City CA 94063

Dated: May 14, 2015

　　　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Chris Nathan, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable MARIA-ELENA JAMES